**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
───────────────────────────────

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

               **v.**              **09-CR-55A(Sr)**

**ADRIAN GOUDELOCK,**

      **Defendant.**
───────────────────────────────

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with Title 28, United States Code, Section 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #11.

The defendant, Adrian Goudelock, was charged in two counts of a six count indictment returned against eight defendants with having violated Title 21, United States Code, Section 841 and Title 21, United States Code, Section 846.  Dkt. #1.

Presently pending before this Court is defendant's motion for disclosure of evidence to establish a conspiracy; a bill of particulars; an order directing the government to turn over a copy of Tape 1D-59; an audibility hearing with respect to Tape 1D-59; additional discovery regarding the recording of Tape 1D-59 and leave to file a motion to suppress Tape 1D-59; inspection of items seized from the defendant's vehicle at the time of his arrest; an order permitting him to join in all of the motions filed by his co-defendants; and leave to file additional motions.  Dkt. #107.

The government has filed its response to the foregoing motions, as well as a motion for reciprocal discovery.  Dkt. #117.

## DISCUSSION AND ANALYSIS

### Evidence of Conspiracy

The defendant seeks disclosure of each and every statement of a co-conspirator which will be relied upon at trial pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence to demonstrate the existence of a conspiracy in connection with an offer of testimony which would otherwise constitute hearsay.  Dkt. #107, p.3.

Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice and therefore, there is no requirement on the part of the government to disclose this type of evidence at this time.  As a result, defendant's request in this regard is denied.

### Bill of Particulars

The defendant requests the following information in order to adequately prepare a defense and avoid surprise at trial:

1.    exact dates that defendant joined and quit the alleged conspiracy;

2.    identity of all known but unnamed co-conspirators;

3.    each individual with whom defendant had an agreement with respect to the conspiratorial goal;

4.    nature of the alleged agreement described in (3);

5.      whether defendant's knowledge of the possession and distribution of the controlled substance was actual or constructive;

6.      how defendant knew of the possession and/or distribution of a substance containing cocaine or heroin;

7.      exact location at which all acts were committed by defendant or any other co-conspirator, named or unnamed, in furtherance of the conspiracy; and

8.      names and addresses of all individuals present at 30 Coit Street at the time of the alleged sale on 2/12/2009, along with the role they played in the alleged sale.

Dkt. #107, p.4.

The government responds that the defendant has not met his burden to establish that a bill of particulars is warranted because he has not offered any factual reason or legal authority to justify a finding that further particularization is necessary to prevent unfair surprise or preclude a later prosecution barred by double jeopardy.  Dkt. #121, p.6.

The defendant's request for a bill of particulars is denied.  It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Fella*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Disclosure of Confidential Source**

The defendant seeks the identity and address of a confidential informant who allegedly purchased crack cocaine from him inside 30 Coit Street on February 12, 2009. Dkt. #107, p.7. The defendant also seeks any technical or physical surveillance logs made in connection with the recording of this transaction, as well as any documents reflecting the consent of the confidential informant to recording the transaction, any inducements, threats or promises made to the confidential informant, and any instructions by the supervising agency to the confidential informant. Dkt. #107, p.7. The defendant seeks this information in order to assess the merits of a motion to

suppress the audio tape under the theory that the confidential informant did not consent to the recording.  Dkt.. #107, pp.6-7.

The government responds that defendant is not entitled to this information and expresses concern for the safety of the confidential informant.  Dkt. #121, p.13. The government notes that the defendant has no basis to challenge consent.  Dkt. #121, p.15.

Disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.), *cert. denied*, 489 U.S. 1089 (1988); *see Roviaro v. United States*, 353 U.S. 53, 59 (1957) (government generally is not required to disclose identity of confidential informants).  "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997).  It is not sufficient that the informant was a participant and witness to the crime.  *Saa*, 859 F.2d at 1073.

Defendant's speculation as to the validity of the confidential informant's consent to record the alleged drug transaction is insufficient to warrant the disclosure

he seeks.  *See Fields*, 113 F.3d at 324 (need for disclosure far less compelling when sought in connection with a pretrial suppression hearing).  Therefore, this aspect of defendant's motion is denied.

## Disclosure of Audio Tape 1D-59

The defendant seeks disclosure of the audio tape of a recording of a crack cocaine sale to a confidential informant inside 30 Coit Street on February 12, 2009.  Dkt. #107, p.5.

The government acknowledges that it would generally disclose such recordings to the defense pursuant to Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure during voluntary discovery.  Dkt. #121, p.11.  In the instant case, however, the government asks the Court to exercise it's discretion, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to defer disclosure of the audio tape based upon the government's concern for the safety of the confidential information who recorded the conversation with the defendant. Dkt. #121, p.11.  The government notes that it has permitted counsel to listen to the audio tape and has provided a transcript of the recording.  Dkt. #121, p.11.

Counsel for the defendant seeks disclosure, arguing that his client

> may or may not be familiar with the numerous voices on the
> tape.  He may be able to aid me in transcribing the tape.  He
> needs to be able to judge for himself the strength of this
> alleged evidence.  Most importantly, he needs to be able to

determine whether or not his voice is even on the audio
tape.

Dkt. #107, p.5.

The government seeks permission to provide the defendant a copy of the
recording with the confidential informant's voice edited out.  Dkt. #121, p.11.  The
government asserts that this proposal "allows the defendant to know what the
government claims he said, but, at the same time, prevent the defendant, at this stage
of the proceeding, from learning the identity of the CI through voice identification."  Dkt.
#121, p.12.

The Court defers resolution of this aspect of defendant's motion pending
resolution of the issue of audibility of the recording as this issue would be moot in the
event that defendant prevails on his argument that the recording is inaudible.

**Audibility Hearing**

The defendant seeks a hearing to determine the audibility of the recording
of the alleged crack cocaine sale by the defendant to a confidential informant inside 30
Coit Street on February 12, 2009 and to suppress the recording as evidence because it
is substantially unintelligible.  Dkt. #107, p.6.  The defendant asserts that the quality of
the recording is poor and that numerous individuals speak at the same time, making it
difficult to determine the accuracy of the transcript provided by the government.  Dkt.
#107, p.5.

Counsel for the government and counsel for the defendant are directed to meet for the purpose of comparing the transcript to the recording. Defense counsel shall make known to counsel for the government those portions of the aforesaid recording and transcript that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed. Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the recording and the correctness of the transcript. Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

**Items Seized From Vehicle Upon Arrest**

The defendant seeks an order permitting him to inspect all items, including cell phones, seized from his person and his vehicle at the time of his arrest. Dkt. #107, p.7.

The government responds that it has satisfied the discovery requirements of Rules 16 of the Federal Rules of Criminal Procedure and notes that it has exceeded its scope with much of its voluntary production of discovery. Dkt. #121, p.14. At oral argument, the government agreed to produce the items for inspection. Therefore, defendant's motion is denied as moot.

## Motion to Join

The defendant seeks to join in any and all motions made on behalf of his co-defendants which pertain to his circumstances. Dkt. #107, p.8.  This request is granted with the further directive and finding that the decision made by this Court as to each co-defendant's requests contained in the motions in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

The defendant also seeks leave to file an affidavit alleging standing with regard to defendant Glance Ross' motion regarding the wiretaps once he has reviewed the line sheets and audio recordings because the government only recently informed counsel that there may be law enforcement intercepted wire-communication between devices used by defendant and phones targeted by Court orders.  Dkt. #107, p.8.  This request is granted.

## Leave to Make Further Motions

The defendant seeks leave to file additional motions resulting from the continuation of his investigation or as a result of any relief granted from this pleading or the government's response.  Dkt. #107, p.8.  The defendant specifically seeks permission to move with respect to identification procedures conducted by law enforcement following disclosure of the identity of the witnesses who made the identifications of defendant.  Dkt. #107, p.8.  This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the

continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Leave to Seek Severance**

The defendant reserves his right to move for severance pursuant to Rule 14 once it is determined which defendants are going to trial. Dkt. #107, p.9. As this motion is best directed to the district judge conducting the trial, this motion is granted.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #121, pp.16-17. The government has requested that the defendant permit it to inspect and copy books, papers, documents, photographs and tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. Dkt. #121, p.17. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Dkt. #121, p.17. Pursuant to Rule 807 of the Federal Rules of Evidence, the government also seeks advance disclosure of any statement the defendant proposes to utilize at trial. Dkt. #121, p.17.

Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is

entitled to this information pursuant to Rule 16(b)(1) and its request is granted.  The

government's motion with respect to Rule 807 of the Federal Rules of Evidence is

denied as moot by reason of the requirements contained within Rule 807 of the FRE

wherein it is specifically stated:

> However, a statement may not be admitted under this
> exception unless the proponent of it makes known to the
> adverse party sufficiently in advance of the trial or hearing to
> provide the adverse party with a fair opportunity to prepare
> to meet it, the proponent's intention to offer the statement
> and the particulars of it, including the name and address of
> the declarant.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the

Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule

58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments,

case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **<u>Failure</u>**

**<u>to file objections within the specified time or to request an extension of such time</u>**

**waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

        The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
              December 9, 2010

                    *s/ H. Kenneth Schroeder, Jr.*
                    **H. KENNETH SCHROEDER, JR.**
                    **United States Magistrate Judge**